IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McGHEE TONY DUCLOS,<br><br>Plaintiff,<br><br>v.<br><br>JEFF LYNCH, et al.,<br><br>Defendants. | No. 2:23-CV-1000-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

1

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff McGhee Tony Duclos names as defendants: (1) Warden Jeff Lynch, (2) Correctional Officer J. Gregory, (3) Correctional Officer T. Cameron; (4) Correctional Officer T. Drake; (5) RN Steve Molina; and (6) Chief of Mental Health K. Franceschi. See ECF No. 1, pgs. 1-2. Generally, Plaintiff alleges excessive force and failure to protect, both in violation of his Eighth Amendment rights.

In his first claim, Plaintiff asserts that Defendant Correctional Officer J. Gregory and Defendant Correctional Officer T. Cameron violated his Eighth Amendment rights by failing to properly protect Plaintiff from attempting suicide. See id. at 5. Plaintiff provides details regarding the first suicide attempt on the morning of February 19, 2023. According to Plaintiff, he struggled with suicidal ideations and attempted to make a noose around the light fixture within his cell in attempts to hang himself. See id. Plaintiff began to experience chest pains and agreed with the officers that he would give up the restraints and remove the noose from the fixture if he was provided with medical care. See id. Plaintiff was treated for his blood pressure and was then discharged. Defendant Correctional Officer J. Gregory and Defendant Correctional Officer T. Cameron escorted Plaintiff back to his unit, directing Plaintiff to sit on a golf cart at the rear of the vehicle in a single seat. See id. Plaintiff was not restrained to the single seat during his transportation. See id. Plaintiff, still suffering from suicidal ideations, saw a correctional van approaching from the right side and lunged himself from the moving golf cart in an attempt to commit suicide a second time by being ran over by the van. See id. Plaintiff sustained serious

shoulder injuries after falling to the gravel and rolling twice. See id. Plaintiff alleges that Defendants acted with deliberate indifference to Plaintiff's suicidal state of mind by neglecting to retrain Plaintiff from lunging in front of other moving vehicles. See id. at 5.

In his second claim, Plaintiff alleges that Defendant Correctional Officer J. Gregory and Defendant Correctional Officer T. Cameron used excessive force to restrain Plaintiff once he was brought back to his cell. See id. at 6. Plaintiff alleges that when he was escorted back to his cell, he kneeled to have the leg-irons removed and Defendant Correctional Officer T. Drake exclaimed "stop resisting." Id. Plaintiff claims that, subsequently, over ten correctional officers – including Defendants Gregory, Cameron, and Drake – restrained him, kneeing him in the rib cage and putting excessive pressure on the shoulder he had previously injured. See id. Plaintiff alleges that this use of force was a violation of his Eighth Amendment rights because he was following policy and procedure by kneeling to get leg-irons removed. See id. Plaintiff alleges that further damage was caused to his right shoulder, and that he experiences chronic migraines since being restrained by multiple officers. See id.

In his third claim for relief, Plaintiff asserts that Defendant Warden Jeff Lynch was responsible for the incident that occurred on February 19, 2023, based on supervisory liability. See id. at 7. Plaintiff alleges that Defendant Warden Jeff Lynch failed to adequately train custody staff on the appropriation use of force and sufficient mental health crisis support. See id. Plaintiff alleges that his rights were violated by Defendant Warden Jeff Lynch because he disregarded the excessive risk to the health and safety of Plaintiff and other inmates by allowing the use of golf carts as a means of transportation of high risk, suicidal inmates. See id.

Next, in his fourth claim Plaintiff alleges that the Chief of Mental Health K. Franceschi violated Plaintiff's Eighth Amendment rights by failing to adequately train the mental health staff on recognizing signs and symptoms associated with risk of suicide. See id. at 8. Plaintiff alleges that on April 27, 2023, he spoke with Chief of Mental Health K. Franceschi regarding the incident that occurred on February 19, 2023. See id. Plaintiff further alleges that the Chief of Mental Health K. Franceschi was shocked Plaintiff was not immediately placed on suicide watch. See id. at 8.

Finally, in his last claim Plaintiff alleges that the Defendants' failed to adequately protect Plaintiff from attempting suicide again by not putting Plaintiff on suicide watch. See id. at 9. After multiple attempts to commit suicide on February 19, 2023, Plaintiff alleges that he was continuously cleared to return to his cell. See id. at 9. Plaintiff alleges that upon being cleared and escorted back to his cell, he attempted suicide a third time by consuming ten Tripetals. See id. Plaintiff alleges that 911 was called due to Plaintiff's unresponsiveness and rapid breathing. See id. Plaintiff further alleges that the staff on duty, Defendant RN Molina, still failed to ensure Plaintiff was admitted to a crisis bed following his third suicide attempt. See id.

## II. DISCUSSION

The Court finds that Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendant Molina based on alleged deliberate indifference to Plaintiff's suicidal ideation (fifth claim). In addition, the Court finds that Plaintiff's complaint states cognizable Eighth Amendment claims against Defendants Gregory, Cameron, and Drake based on alleged use of excessive force (second claim). Plaintiff has not, however alleged sufficient facts to establish the liability of the prison warden, Defendant Lynch (third claim). Nor has Plaintiff asserted sufficient facts to establish the liability of the Chief of Mental Health, K. Franceschi (fourth claim). Finally, Plaintiff has not alleged sufficient facts to show the deliberate indifference of Defendants Gregory and Cameron to support his failure-to-protect allegations (first claim).

### A. **Supervisory Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory

personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, in his third and fourth claims, Plaintiff names as defendants the prison warden, Defendant Lynch, and the chief mental health officer, K. Franceschi. Plaintiff has not, however, included in the complaint any allegations of these defendants' personal involvement in any of the claims raised. Instead, Plaintiff alleges liability based on a theory of respondeat superior, which is not a cognizable theory in a civil rights action. Plaintiff will be provided an opportunity to amend.

### B. Deliberate Indifference

To establish that a prison official has violated their duty to protect inmates from serious risks to their health, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994). A plaintiff must show that the prison official knew of and disregarded an excessive risk to the inmate's safety to demonstrate deliberate indifference. See id. at 837; see also Simmons v. Navajo Cty., 609 F.3d 1-11, 1017 (9th Cir. 2010); Gibson v. Cty of Washoe, Nev., 290 F.3d 1175, 1187-88 (9th Cir. 2002); Jeffers v. Gomez, 267 F.3d 895, 913 (9th Cir. 2001) (per curiam); Anderson v. Cty. of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). The official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. "Prison officials may not escape liability

because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. See Farmer, 511 U.S. at 843.

Here, in his first claim, Plaintiff asserts that Defendants Gregory and Cameron violated Plaintiff's Eighth Amendment rights by failing to properly protect Plaintiff from attempting suicide. Plaintiff has not provided sufficient facts to indicate these individuals' deliberate indifference to Plaintiff's suicidal state of mind in placing him on the back of the golf cart without restraints. By the time Plaintiff had been placed on the back of the golf cart without restraints, it appears that the suicide attempts earlier in the day had ended and Plaintiff had been seen in the mental health clinic. Given these intervening events, and the lack of allegations relating to Defendants' state of mind or knowledge of further suicidal ideation at the time Plaintiff was placed on the golf cart, the Court cannot say that Plaintiff has adequately pleaded an Eighth Amendment deliberate indifference claim. Plaintiff will be provided leave to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

1    Because the complaint appears to otherwise state cognizable claims, if no amended
2  complaint is filed within the time allowed therefor, the Court will issue findings and
3  recommendations that the claims identified herein as defective be dismissed, as well as such
4  further orders as are necessary for service of process as to the cognizable claims.
5    Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended
6  complaint within 30 days of the date of service of this order.

8  Dated: January 9, 2024

                                        _____
                                        DENNIS M. COTA
                                        UNITED STATES MAGISTRATE JUDGE